## First Eastern Bank v.
## Harley-Davidson Motor Co.

*J. Arnold Crisman,* for plaintiff.
*Elwood R. Harding, Jr.,* for defendant.

MYERS, *P.J.,* June 21, 1979—Plaintiff filed a complaint containing two counts in assumpsit and one count in trespass. Defendant filed preliminary

objections in the nature of a demurrer and a motion for more specific pleading. These motions are now before the court for disposition.

## I

Count I in the complaint alleges: (1) that plaintiff held a security interest in certain motorcycles located at a motorcycle dealership; (2) that defendant possessed a second lien on the motorcycles; (3) that the owners of the dealership permitted defendant to take possession of the motorcycles in return for defendant's promise to pay the amount of the first lien to plaintiff; (4) that no such payment was tendered; and (5) that the motorcycles were subsequently destroyed in a fire at the warehouse where they had been stored by defendant.

Defendant asserts that the complaint is fatally defective because it fails to recite the requisite elements of a contract between plaintiff and defendant. It is clear, however, that plaintiff is attempting to enforce its rights as a creditor beneficiary of the contract between defendant and the motorcycle dealership. It is equally clear that the complaint does include the essential elements of a creditor beneficiary contract: Restatement, Contracts, §133 ff. (1932).

Defendant allegedly promised the motorcycle dealership that plaintiff's lien would be paid off. Since plaintiff (the beneficiary) held a first lien on the motorcycles, defendant's promise satisfied ". . . an actual or supposed or asserted duty of the promisee to the beneficiary." Restatement, Contracts, §133 (1)(b). Thus, the allegations in the complaint establish the existence of an agreement in which plaintiff was a creditor beneficiary.

Furthermore, the allegations establish that the agreement was fully supported by consideration, in that the motorcycle dealership released the motorcycles on the basis of defendant's promise to pay plaintiff.

Accordingly, we conclude that the demurrer to Count I is without merit, as is the motion for a more specific pleading.

## II

Count II is a trespass count in which plaintiff alleges that defendant "negligently and carelessly caused the improper and illegal repossession of the cycles. . . ." This allegation, without more, is insufficient to establish a cause of action in trespass. Proper pleading requires plaintiff to set forth the specific manner in which defendant was allegedly negligent or careless.

Furthermore, the complaint does not establish plaintiff's standing to assert a negligent repossession. There are no allegations that plaintiff had possession of the motorcycles, or had the right to possession, at the time the cycles were repossessed.

We have found no authority—and plaintiff has cited none—which supports the proposition that a party in plaintiff's position—i.e., a lienholder—would have a cause of action based upon unjust repossession.

For these reasons, the demurrer as to Count II must be sustained.

## III

Count III is based upon a theory of unjust enrichment. Plaintiff alleges that defendant was un-

justly enriched because it collected insurance on the destroyed motorcycles.

However, the complaint contains no allegations that the payment of insurance proceeds to defendant somehow caused damage to plaintiff.

Unjust enrichment occurs when one party is unjustly enriched "at the expense of another." Restatement, Restitution, §1. There is nothing in this complaint to indicate that defendant's insurance payments were made to the detriment of plaintiff. The demurrer as to Count III must therefore be sustained.

## ORDER

And now, June 21, 1979, defendant's preliminary objections to Count I are dismissed. Defendant's demurrers to Counts II and III are sustained. Plaintiff is hereby granted leave to file an appropriate amended pleading within 20 days of service of this order.